UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAZMANY BROTHERS LANDSCAPING INC., <br><br> Plaintiff, <br><br> v. <br><br> CITIGROUP, INC., et al., <br><br> Defendants. | Case No. 20-cv-01526-SVK <br><br> **ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Re: Dkt. No. 9 |

This case involves claims by Plaintiff Pazmany Brothers Landscaping Inc. ("Plaintiff" or "Pazmany") against Defendants CITIGROUP, INC. and CITBANK, N.A. (collectively, "Defendants" or "Citi") relating to embezzlement by Pazmany's former bookkeeper, Guadalupe Lola Reed ("Reed"), who deposited checks written from Pazmany's bank account to various payees into Citi accounts owned or controlled by Reed. *See* Dkt. 1.[1]  Citi now seeks to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 9. The parties have consented to the jurisdiction of a magistrate judge. Dkt. 5, 12.

Pursuant to Civil Local Rule 7-1(b), the Court deems the motion to dismiss suitable for determination without oral argument. After considering the parties' submissions, the case file, and relevant law, and for the reasons discussed below, the motion to dismiss is **GRANTED IN PART WITHOUT LEAVE TO AMEND and DENIED IN PART**.

I.   **BACKGROUND**

This discussion of the background facts is based on the allegations of the FAC. Pazmany operates a landscaping business in Santa Clara County California. FAC ¶ 8. From approximately 2014 to February 2017, Pazmany employed Reed as a bookkeeper. *Id.* ¶ 9. One of Reed's job

---

[1] The FAC is included in the Notice of Removal at PDF pages 11-23. Dkt. 1.

duties was to prepare checks for Pazmany, but she was not authorized to sign the checks she prepared. *Id.* ¶ 10. Reed was also responsible for maintaining Pazmany's books and records and managing payments to Pazmany's vendors. *Id.* ¶ 11.

During her employment, Reed wrote unauthorized checks on Pazmany's account made payable to Reed, other Pazmany employees, Pazmany's suppliers, "Cash," and other payees. *Id.* ¶ 13. Reed deposited those checks by ATM to a bank account she maintained at Citi. *Id.* ¶¶ 13-15. Pazmany alleges on information and belief that Citi presented the checks to Pazmany's bank, Bank of America, for payment; that Bank of America honored the checks, debited Pazmany's account, and made payments to Citi from Pazmany's account; and that Citi credited those amounts to accounts owned or controlled by Reed. *Id.* ¶¶ 16-17. During her employment, Reed embezzled in excess of $722,000 from Pazmany. *Id.* ¶ 12. The Santa Clara County District Attorney prosecuted Reed, and she has been convicted of embezzlement. *Id.*

On March 2, 2020, Citi removed this civil case, which was originally filed in Santa Clara County Superior Court, to this Court. Dkt. 1. Prior to removal, Pazmany filed the FAC in the state court case. *Id.* at Notice of Removal ¶ 2. The FAC contains four causes of action: (1) negligence/violation of UCC; (2) common law negligence; (3) money had and received; and (4) unfair business practices. *Id.* After removal, Citi filed the present motion to dismiss the FAC, which Pazmany opposes. Dkt. 9, 13.

## II.     LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend must be granted unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

### III. DISCUSSION

#### A. Negligence/Violation of UCC

Pazmany's first cause of action is labeled "Negligence/Violation of UCC" and argues that Citi owed various duties to Pazmany under the Uniform Commercial Code ("UCC"). FAC ¶¶ 21-32. Citi argues that "Plaintiff does not specify the provision of the [UCC] allegedly violated" and "Citi is unaware of any provision of the UCC that applies to a depository bank under the facts alleged." Dkt. 9 at 2. In response, Pazmany argues that Citi has violated transfer warranties under UCC § 4-207 and presentment warranties under UCC § 4-208. Dkt. 13 at 5-7. In its reply, Citi argues that the UCC warranties identified by Pazmany operate for the benefit of Pazmany's bank, Bank of America, not Pazmany itself, and thus Pazmany cannot base a cause of action for negligence on these UCC warranties. Dkt. 15 at 1-3.

##### 1. UCC § 4-207 Transfer Warranties

UCC § 4-207, as implemented in California Commercial Code § 4207, contains various transfer warranties. Pazmany relies on the transfer warranty set forth in Section 4207(a)(1), which provides: "A customer or collecting bank that transfers an item and receives a settlement or other consideration warrants to the transferee and to any subsequent collecting bank that … The warrantor is a person entitled to enforce the item." *See* Dkt. 13 at 7. Pazmany argues that by accepting funds, Citi "warranted it was entitled to receive the settlement money from Bank of America" but "[i]n fact Citibank, was not entitled to receive the money because [its] right to do so was based on Reed's presentation of checks made out to others." *Id.*

3

Under Section 4207, the "collecting bank" gives the warranty. Pazmany is correct that Citi is the "collecting bank" in this case, and thus Citi gave a transfer warranty. Cal. Comm. C. § 4105. Section 4207 "plainly describes the *transferee* as the recipient of the warranty." *Mills v. U.S. Bank,* 166 Cal. App. 4th 871, 882 (2008) (emphasis in original). The Court must therefore determine whether Pazmany is the "transferee" of the checks at issue.

"A check typically involves three parties, (1) the 'drawer' who writes the check, (2) the 'payee,' to whose order the check is made out, and (3) the 'drawee' or 'payor bank,' the bank which has the drawer's checking account from which the check is paid." *Id.* at 881 n.10 (citing *In re McMullen Oil Co.*, 251 B.R. 558, 566-567 (Bankr. C.D. Cal. 2000)).

Here, Pazmany, upon whose account the checks deposited by Reed were written, is the "drawer." *See Mills*, 166 Cal. App. 4th at 882 (stating that the "drawers" of the checks at issue were the plaintiffs, who wrote the checks). *Mills* is instructive. The plaintiffs in *Mills* were investors who wrote checks made payable to "Third Eye Systems, LLC." *Id* at 876. The checks were not negotiated by Third Eye Systems, LLC, but by a different entity, Third Eye Systems Holdings, Inc., which presented the checks for deposit into its account at U.S. Bank. *Id.* U.S. Bank accepted the checks for deposit. *Id.* The court in that case considered whether the plaintiff-investors could sustain an action against U.S. Bank for breach of certain presentment and transfer warranties under UCC §§ 4207 and 4208. *Id.* at 881. The court agreed with U.S. Bank that "neither section 4207 nor 4208 describe warranties inuring to the benefit of the drawers of the checks, who in this case would be Plaintiffs." *Id.* at 883. Instead, the warranty in section 4207(a) "runs to the transferee, and "[t]he *drawers* of the checks" … could not have been the *transferee*[] of the checks." *Id.* (emphasis in original).

Here, Pazmany, like the plaintiff-investors in *Mills*, was the drawer of the checks at issue. As such, Pazmany was not the transferee of the checks and is thus not the recipient of the transfer warranty under Section 4207.

**2.     UCC § 4-208 Presentment Warranties**

"Section 4208 sets forth presentment warranties, which apply when a check is presented for payment to the bank of the person who wrote the check." *Mills*, 166 Cal. App. 4th at 882.

4

Pazmany relies on the presentment warranty in Section 4208(a)(1), which warrants that "[t]he warrantor is, or was, at the time the warrantor transferred the draft, a person entitled to enforce the draft or authorized to obtain payment or acceptance of the draft on behalf of a person entitled to enforce the draft. Dkt. 13 at 6 (arguing that "Citibank violated the 'right to negotiate' warranty.").

As with the transfer warranty upon which Pazmany relies, the presentment warranty protects Bank of America, not Pazmany. The official comments to UCC 4-208 state:

> Subsection (a)(1) in effect is a warranty that there are no unauthorized or missing indorsements … There is no warranty made to the drawer under subsection (a) when presentment is made to the drawee. Warranty to the drawer is governed by subsection (d) and that applies only when presentment for payment is made to the drawer with respect to a dishonored draft. In *Sun 'N Sand, Inc. v. United California Bank*, 582 P.2d 920 (Cal. 1978), the court held that under former Section 3-417(1) a warranty was made to the drawer of a check when the check was presented to the drawee for payment. The result in that case is rejected.

Official Comment 2 to UCC § 3-417, cross-referenced in Official Comment 1 to UCC § 4-208.

As explained in *Mills*, where an accountholder at defendant U.S. Bank deposited checks written by plaintiff-investors to others, "section 4208, as applied here, indicates that in presenting the checks for payment to Plaintiffs' banks, U.S. Bank was making certain warranties *to Plaintiffs' banks*, but not to Plaintiffs themselves." *Mills*, 166 Cal. App. 4th at 883 (emphasis in original). Similarly, in this case the presentment warranty protects Pazmany's bank (Bank of America), but not Pazmany itself.

### 3.     Conclusion on Cause of Action for Negligence/Violation of UCC

Citi has demonstrated that, as a matter of law, the UCC transfer and presentment warranties upon which Pazmany premises its first cause of action do not extend to Pazmany. Because any amendment of this cause of action would be futile, no leave to amend will be granted. *Thinket Ink Info. Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Accordingly, Citi's motion to dismiss the first cause of action for negligence/violation of UCC is **GRANTED WITHOUT LEAVE TO AMEND.**

### B.     Common Law Negligence

To plead a claim for negligence under California law, a plaintiff must plead the following

5

elements: (1) the existence of a legal duty of care, (2) a breach of that duty, and (3) proximate cause resulting in injury. *Chang v. Wells Fargo Bank, N.A.*, No. 19-cv-01973-HSG, 2020 WL 1694360, at *7 (N.D. Cal. Apr. 7, 2020) (citing *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013)). Citi argues that it owed no duty to Pazmany because Pazmany is not a Citi customer. Dkt. 9 at 2-5.

There is "some tension in California court decisions as to whether and when a bank can owe a duty of care to a noncustomer." *Chang*, 2020 WL 1694360, at *8. A bank generally owes "no duty to nondepositors to investigate or disclose suspicious activities on the part of an account holder"; however, such a duty can be triggered by "extraordinary and specific facts." *Id.* (quoting *Casey v. U.S. Bank. Nat. Assn.*, 127 Cal. App. 4th 1138, 1149 (2005) and *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 479 (1996)). Each case finding such a duty "involved the bank's liability for allowing a person to deposit a check, payable to someone else, into a personal account, under circumstances that should have alerted the bank to the possibility of fraud." *Chang*, 2020 WL 1694360, at *8 (quoting *Chazen v. Centennial Bank*, 61 Cal. Appr. 4th 532, 545 (1998) and citing *Sun 'N Sand, Inc. v. United Cal. Bank*, 21 Cal. 3d 671, 695 (1978)). For example, under *Sun 'N Sand*, a bank's duty toward a noncustomer was activated "when checks, not insignificant in amount, are drawn payable to the order of a bank and are presented to the payee bank by a third party seeking to negotiate checks for his own benefit." *Sun 'N Sand*, 21 Cal. 3d at 695.

Thus, the relevant question is whether Pazmany has pleaded narrow, specific facts that could establish that a duty exists and allow the negligence claim to proceed. The Court concludes that the FAC meets this standard. Pazmany alleges that Citi allowed Reed to deposit into her own bank accounts dozens of checks, totaling over $722,000, that were payable to others and had no endorsements. FAC ¶¶ 27, 32. Although Citi argues that the Court must weigh other policy considerations, such as the customer's right to privacy and the facilitation of efficient processing of banking transactions (*see* Dkt. 9 at 3-4), to the extent such balancing must occur in this case it must do so after the facts have been more fully developed, not at the pleading stage.

Accordingly, Citi's motion to dismiss the common law negligence claim is **DENIED.**

### C. Money Had and Received

The parties agree that the third cause of action for money had and received derives from Pazmany's negligence claim. Dkt. 9 at 6; Dkt. 13 at 3. Because the Court has denied Citi's motion to dismiss the common law negligence claim, the motion to dismiss the claim for money had and received is also **DENIED**.

### D. California Business & Professions Code § 17200

California Business & Professions Code § 17200 defines unfair competition as any "unlawful, unfair or fraudulent business act or practice." Pazmany's Section 17200 claim is based on the "unlawful" and "unfair" prongs; it does not seek to plead a claim based on fraudulent conduct. Dkt. 13 at 14.

"Unlawful" practices are those forbidden by law. *Diaz v. Intuit*, No. 5:15-cv-01778-EJD, 2017 WL 4386451, at *5 (N.D. Cal. Sep. 29, 2017) (citation omitted). Pazmany states that the FAC "makes clear that the statutory basis for [Pazmany's] unlawful violation of the Unfair Business Practices Act is violation of the UCC." Dkt. 13 at 15. Pazmany does not identify any other possible basis for a Section 17200 claim under the "unlawful" prong. Because, as discussed above, Pazmany has not plead facts sufficient to support a claim that Citi violated the UCC, its attempt to plead a Section 17200 violation under the "unlawful" prong fails.

However, Pazmany also bases its Section 17200 claim on the "unfair" prong of the statute. "Unfair" practices are "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* (citation omitted). Citi argues that a claim under the "unfair" prong should be dismissed because "Plaintiff does not allege that the harm it has suffered outweighs the utility of the modern banking system that requires banks to quickly and automatically process transactions." Dkt. 9 at 7. Citi does not cite authority requiring such elements to be plead, but in any event Citi acknowledges that "[a] business practice is unfair within the meaning of the [unfair competition law] if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." Dkt. 15 at 7 (quoting *McKell v. Wash. Mut.*,

7

*Inc.*, 142 Cal. App. 4th 1457, 1473 (2006)).  Here, the FAC alleges the utility of the banking system (FAC ¶ 46); Pazmany's harm (FAC ¶¶ 49, 52); actions of Citi in weighing the costs and benefits of instituting a procedure to assure that any person who deposited a check through an ATM was an authorized depositor (FAC ¶ 48); and harm outweighing the utility (FAC ¶ 49).

The Court concludes the facts alleged in the FAC are sufficient to put Citi on notice of which of its practices may be unfair and why.  Accordingly, Citi's motion to dismiss the Section 17200 claim is **DENIED.**

**IV.    DISPOSITION**

For the foregoing reasons, Citi's motion to dismiss is **GRANTED IN PART WITHOUT LEAVE TO AMEND and DENIED IN PART.**  Pazmany's first cause of action for negligence/violation of UCC is **DISMISSED WITHOUT LEAVE TO AMEND**.  Citi's motion to dismiss the second (common law negligence), third (money had and received), and fourth unfair business practices) is **DENIED.**

The Court will hold an Initial Case Management Conference on **August 25, 2020 at 9:30 a.m.**  The parties must file a Joint Case Management Statement by **August 18, 2020.**

**SO ORDERED.**

Dated: July 30, 2020

SUSAN VAN KEULEN
United States Magistrate Judge